**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFIK ASOYAN, | No. 15-70781 |
| Petitioner, | Agency No. A056-097-917 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Sofik Asoyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We review

for substantial evidence the agency's determination that an alien is removable for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

marriage fraud, and review de novo questions of law. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Asoyan is removable because she procured admission through a fraudulent marriage. *See* 8 U.S.C. §§ 1227(a)(1)(A), 1182(a)(6)(C)(i); *Nakamoto v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004) (in determining whether an alien entered into a marriage for the purpose of procuring admission into the United States, the focus of the inquiry is whether the couple intended to establish a life together at the time they were married). Contrary to Asoyan's contentions, the agency properly relied, in part, on the state court judgment granting an annulment based on fraud, and Asoyan acknowledged she had the opportunity to contest those annulment proceedings. *Nakamoto*, 363 F.3d at 883 (although the annulment itself was not dispositive, the state court's finding that consent to the marriage had been obtained by fraud was entitled to full faith and credit).

Asoyan's contention that the IJ erred in weighing the evidence presented based on her own assumptions and biases is unavailing.

**PETITION FOR REVIEW DENIED.**

2                                          15-70781